UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE MAISONET,

                      Petitioner,

      - against -

JAMES CONWAY,

                      Respondent.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
04-CV-2860 (RRM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 31 2011 ★
BROOKLYN OFFICE

**MAUSKOPF, United States District Judge.**

Jose Maisonet was convicted of robbery in the first and second degree, and burglary in the first degree, after a jury trial in New York Supreme Court, Kings County, on June 29, 1999. On July 9, 2004, Maisonet filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. No. 1.) Judge Charles P. Sifton denied that petition on July 10, 2007, holding that Maisonet's claims were procedurally barred and, alternatively, failed on the merits. (*See* Doc. No. 32.) Maisonet now brings a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] (*See* Doc. No. 36.) For the reasons discussed below, the Court treats this application as a successive petition and transfers it to the Court of Appeals for the Second Circuit.

## BACKGROUND

This Court adopts the factual recitation previously set forth in Judge Siftons's July 10, 2007 Memorandum & Order. (Doc. No. 32.) However, for the purposes of this motion, the following facts are relevant. In December 1998, Petitioner was charged with robbery in the first degree, robbery in the second degree, burglary in the first degree, attempted robbery in the first degree, attempted robbery in the second degree, and two counts of unlawful imprisonment in the

---

[1] The Court notes that Respondent failed to file any response to the motion.

second degree. Petitioner was released pending trial, and at a December 11, 1998 pretrial hearing, was cautioned that failure to appear for trial would result in the trial proceeding in his absence. Petitioner thereafter made several pre-trial court appearances.

On June 17, 1999, the parties, including Petitioner, were informed that the case would not be assigned a trial part for a week or so. The judge then informed Petitioner that he did not need to appear in court daily, provided that he tell his attorney where he could be reached and could appear within an hour-and-a-half of being summoned. Petitioner's counsel provided Petitioner with a beeper to help ensure his presence. The judge once again administered warnings that Petitioner's failure to appear would result in a trial in his absence.

On June 21, 1999, Petitioner's counsel was notified that trial would commence that day. However, after being paged by counsel, Petitioner failed to appear. The following day, a hearing was conducted to determine whether to proceed in Petitioner's absence. Petitioner again failed to respond to counsel's pages. A Detective working with the Queens County District Attorney's Office testified that he had attempted to execute a bench warrant for Petitioner at four locations appearing on Petitioner's rap sheet, but did not locate Petitioner, even after conferring with his mother and girlfriend, Lisa Horton. A paralegal for the Queens County District Attorney's Office testified to contacting seven hospitals, the Nassau Corrections Department, the New York City Corrections Department, and the Queens House of Detention in an unsuccessful attempt to locate Petitioner. On the basis of this undisputed information, the judge determined that the search was sufficient and, given Petitioner's warning as to the consequences of failing to appear at trial, concluded that Petitioner had voluntarily absented himself. He further denied Plaintiff's counsel's request for a delay in order to mail a letter to Petitioner's home.

On the second day of jury deliberations, Petitioner's mother called his attorney and informed him that Petitioner had been arrested in Brooklyn on June 25, 1999, for selling a controlled substance. The court denied Petitioner's motion for a mistrial, reasoning that Petitioner was not arrested until the third day of trial, but postponed further jury deliberations until Petitioner was brought to court. The court again denied a motion for a mistrial by Petitioner's counsel, finding that Petitioner was arrested after the parties had rested and that he had voluntarily forfeited his right to testify. That day, the jury convicted Petitioner of robbery in the first and second degree, and burglary in the first degree.

### 1. State Court Proceedings

With the assistance of new counsel, Petitioner appealed his convictions on the basis that the trial court had erred in refusing to grant a mistrial, and from precluding Petitioner from testifying on his own behalf. The Appellate Division vacated Petitioner's first degree burglary conviction but held that the trial court did not abuse its discretion in denying the motion for mistrial. *People v. Maisonet*, 760 N.Y.S.2d 58, 59 (App. Div. 2003). Leave to appeal was denied on July 14, 2003.

Again with the assistance of new counsel, Petitioner filed a motion in state court pursuant to Criminal Procedure Law (CPL) § 440.10, arguing that he received ineffective assistance of counsel because counsel failed to investigate defendant's whereabouts, in order to assure his presence at trial. That motion was rejected as procedurally barred; it either repeated an argument already rejected in his appeal, or he had failed to raise it on appeal despite sufficient information in the record to do so pursuant to the procedural "default rule" of CPL § 440.10(2)(c). Petitioner was denied leave to appeal on April 15, 2005. Though Petitioner filed a second § 440 motion, alleging denial of his right to be present at trial, the Supreme Court, Queens County denied that

motion on June 13, 2006, because it too was subject to the default rule. Petitioner did not seek review of this decision.

Petitioner filed a state court application for a writ of error *coram nobis* in May 2006, alleging ineffective assistance of appellate counsel. On October 10, 2006, the Appellate Division denied Petitioner's petition, holding that Plaintiff failed to establish a denial of his right to effective assistance of appellate counsel. The Court of Appeals subsequently denied leave to appeal.

### 2. Federal Court Proceedings

Petitioner filed a petition for a writ of habeas corpus on July 9, 2004, asserting ineffective assistance of trial and appellate counsel, and denial of due process. Judge Sifton dismissed that petition without prejudice to allow Petitioner time to exhaust his state court claims. The Petition was subsequently argued on June 12, 2007.

Petitioner asserted four claims: (1) ineffective assistance of trial counsel for failure to locate Petitioner; (2) ineffective assistance of trial counsel for failure to argue at trial that Petitioner had not waived his right to be present; (3) ineffective assistance of appellate counsel for failure to argue that Petitioner had not waived his right to be present at trial; and (4) denial of due process by the trial court in determining that Petitioner was willfully absent from trial. Judge Sifton denied Maisonet's habeas petition, finding all of his claims to be procedurally barred and, in any event, without merit.

## DISCUSSION

On August 30, 2010, Maisonet filed the instant motion, purportedly pursuant to Rule Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 36.) Maisonet seeks relief from Judge Sifton's denial of his petition for a writ of habeas corpus on the grounds that Judge

Sifton's opinion: (1) afforded state court decisions improper deference in violation of 28 U.S.C. § 2244 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), precluding proper consideration of all facts in evidence; and (2) improperly analyzed his ineffective assistance of counsel claims.[2]

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6), the catchall subsection, permits a Court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for" any reason "justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). However, Rule 60(b) is indisputably not a vehicle to relitigate the merits of a challenged decision. *See Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Thus, in the Second Circuit, this rule has been interpreted to justify relief only in cases presenting truly "extraordinary circumstances." *Picardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004); *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989).[3]

Rule 60(b) may, in some circumstances, be used to reopen habeas proceedings. *Gonzalez*, 545 U.S. at 534. However, when presented with a Rule 60(b) motion made by a habeas petitioner, a district court must determine whether the motion is essentially a successive

---

[2] Maisonet does not appear to challenge the denial of his fourth ground for habeas corpus relief, namely the violation of his right to due process.

[3] This Court notes that, even if the motion were proper, it is untimely. Motions made pursuant to Rule 60(b)(6) must "be made within a reasonable time . . . after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Courts, in adjudging whether a Rule 60(b) motion is made within a "reasonable time," must consider the "particular circumstances of the case, and balance the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983). Courts in the Second Circuit have found delays exceeding eighteen months to be unreasonable absent mitigating circumstances. *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (finding a twenty-six month delay to be "a patently unreasonable delay absent mitigating circumstances") (citations omitted)); *Trusoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995); *Rodriguez v. U.S.*, 2005 WL 887142, at *7 (Apr. 15, 2006 S.D.N.Y.) (finding sixty-eight month delay absent good cause unreasonable). Maisonet has filed his Rule 60(b) motion more than three years after the denial of his habeas petition. He does not offer any explanation that might excuse his delay.

5

habeas petition falling under the auspices of the AEDPA. *See Gonzalez*, 545 U.S. at 532; *Connor v. Poole*, No. 07-CV-6230 (MAT), 2010 WL 2010933, at *1 (W.D.N.Y. May 18, 2010). This is due to the fact that a Rule 60(b) motion may not be used to avoid the limitation imposed by the AEDPA on second or successive petitions. The AEDPA imposes three requirements on second or successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez*, 545 U.S. at 529-30. Thus, Rule 60(b) in a habeas context is limited to the extent it conflicts with the AEDPA's restrictions on second or successive petitions filed by prisoners under 28 U.S.C. § 2254.

The Supreme Court has explained that,

> regardless of the label used by a petitioner, 'a motion is treated as a successive habeas petition when it seeks to add a new ground for relief . . . [or] attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.'

*Gonzalez*, 545 U.S. at 532 (footnote omitted). A decision on the merits is "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id* at 532 n.4. Therefore, if a filing styled as a Rule 60(b) motion seeks vindication of "an asserted federal basis for relief from a state court's judgment of conviction," it is "in substance a successive habeas petition and should be treated accordingly."

*Id.*, 545 U.S. at 530-31. Rule 60(b) relief may be used in a habeas context only where the motion challenges "the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). A Rule 60(b) motion attacks the integrity of a habeas proceeding if it does not "assert, or reassert, claims of error in the movant's state conviction." *Gonzalez*, 545 U.S. at 524. It is used, for example, when the petitioner simply asserts that "a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*, at 532.

Petitioner asserted four grounds for relief in his original petition. The Court determined that the second and fourth claims were unexhausted and thus procedurally barred from habeas review. (*See* July 10, 2007 Mem. & Order (Doc. No. 32.)) The first and third claims, the Court held, were procedurally barred based on adequate and independent state law grounds precluding federal habeas review. (*See* July 10, 2007 Mem. & Order (Doc. No. 32.)) In addition to analyzing the procedural posture of each claim, Judge Sifton's Memorandum and Order also considered the merits of each claim, ultimately determining that each was without merit. *See Kearney v. Graham*, No. 06-CV-6305, 2010 WL 3023668, at *1 (E.D.N.Y. July 29, 2010) (ruling 60(b) motion was successive petition and noting that the claims had been adjudicated on both procedural and substantive grounds).

Maisonet's claim that Judge Sifton improperly applied the federal legal standard for ineffective assistance of counsel is virtually identical to the ineffective assistance of counsel claims raised in the dismissed habeas petition, which cannot now be brought in the guise of a Rule 60(b) motion. *Gonzalez*, 545 U.S. at 532 ("[A]lleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . .

7

entitled to habeas relief [under AEDPA]"). Though Maisonet asserts that Judge Sifton's opinion applied an incorrect legal standard to his claim that his counsel was constitutionally ineffective under the standard set forth in *Strickland*, as interpreted by the recent Supreme Court opinion of *Sears v. Upton*, 130 S.Ct. 3259 (2010) (per curiam), the argument attacks the substance Judge Sifton's analysis of the ineffective assistance of counsel claim and thus is properly considered a successive petition. Likewise, Maisonet's claim that Judge Sifton improperly applied the AEDPA, granting excessive deference to the state court and thus failing to consider evidence in the record, constitutes a reiteration of the claims presented in his previous habeas petition. *See id.* This is especially true given the fact that Judge Sifton's opinion carefully considered the merits of the claims he deemed procedurally barred, even after determining they were improperly brought. *See Kearney*, 2010 WL 3023668, at *1-2.

Maisonet essentially reargues three of the four claims raised in his habeas petition, effectively asking this Court to vacate Judge Sifton's argument based on nothing more than arguments already analyzed and dismissed as meritless. Thus, since Maisonet's so-styled Rule 60(b) motion does not attack the integrity of his previous federal habeas corpus proceeding, his motion must be treated as a successive habeas petition. *See Gonzalez*, 545 U.S. at 538. He must move in the Court of Appeals for an order authorizing such a petition to be filed in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization from the Court of Appeals, this Court is without jurisdiction to hear his petition. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) (holding that the AEDPA's authorization requirement is jurisdictional and therefore cannot be waived).

## CONCLUSION

For the reasons stated above, Jose Maisonet's motion for relief from judgment is DENIED. The Clerk of the Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. If the Second Circuit authorizes Maisonet to proceed, he may move to reopen the proceeding under this docket number. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 27, 2010

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge